## OHRT v. OBER.

1. **Practice in the Supreme Court : TRIAL DE NOVO.** An abstract reciting that "the evidence was all taken down in writing and is duly certified by the court to be all the evidence introduced or offered on the trial of the cause," will not authorize a trial *de novo*.

*Appeal from Des Moines Circuit Court.*

TUESDAY, SEPTEMBER 16.

ACTION in chancery to foreclose a mortgage. The answer pleads payments of a part of the sum secured made to plaintiff's agent. This defense was sustained and a decree rendered for a part of the amount claimed to be due in the petition. Plaintiff appeals.

*Blake & Hammack*, for appellant.

*J. & S. K. Tracy*, for appellee.

BECK, CH. J.—The question upon which the decision of the cause seemed to turn in the court below arose upon these facts :

1. PRACTICE in the supreme court: trial de novo. Ober, the defendant, made certain payments to H. C. Ohrt, the step-father of plaintiff, which he intended to be applied upon the note and mortgage. He claims that H. C. Ohrt was plaintiff's agent. Plaintiff denies the agency of his step-father, and claims that the money was deposited with him as agent of defendant, to be paid to plaintiff. The determination of this question of agency is decisive of the case. No other question is argued by plaintiff's counsel.

The defendant insists that we cannot review the decision of the court below for the reason that the abstract states that "the evidence was all taken down in writing, and is duly certified by the court to be all the evidence introduced or offered on the trial of the cause." Nothing further is to be found

upon the subject in the abstract. This language cannot be understcol to mean that the abstract contains an abridgement of all the testimony upon which the case was tried. We cannot, therefore, try the case *de novo* upon the abstract before us. This point is made and insisted upon by defendant. We cannot avoid passing upon it, and the rule prevailing here will permit no other conclusion than the one we have announced. We regret the necessity of deciding this case without reaching the very merits, but our rules must be observed. We may say, however, that it is not at all probable a different decision would be reached in case we should regard the abstract as presenting all the evidence and decide the question of fact therein presented.

AFFIRMED.